4

DAVID P. CUSICK, #160467, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
TALVINDER S. BAMBHRA, #230907, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 14-24983-E-13C |
| | ) | DCN: DPC-1 |
| | ) | |
| DAVID SEAN CARROLL, | ) | TRUSTEE'S OBJECTION TO |
| | ) | CONFIRMATION |
| | ) | |
| | ) | DATE:        AUGUST 5, 2014 |
| | ) | TIME:        3:00 P.M. |
| | ) | JUDGE:       SARGIS |
| Debtor(s) | ) | COURTROOM:   33 |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) plan and does not recommend its confirmation.

The Trustee objects to confirmation as:

1.   **FAILURE TO APPEAR:** The Debtor failed to appear and be examined at the First Meeting of Creditors held on June 26, 2014. The Trustee does not have sufficient

1

information to determine if the plan is suitable for confirmation under 11 U.S.C. §1325. The meeting has been continued to July 24, 2014 at 10:30 am.

2. **TAX RETURN NOT PROVIDED:** Debtor has failed to provide the Trustee with a tax transcript or a copy of the Federal Income Tax Return with attachments for the most recent pre-petition tax year for which a return was required, or a written statement that no such documentation exists, see 11 U.S.C. §521(e)(2)(A); FRBP 4002(b)(3). This is required **7 days before** the date set for the first meeting of creditors, 11 U.S.C. §521(e)(2)(A)(i).

3. **PAY ADVICES NOT PROVIDED:** Debtor has failed to provide the Trustee with 60 days of employer payment advices received prior to the filing of the petition pursuant to 11 U.S.C. §521(a)(1)(B)(iv).

4. **DELINQUENCY:** Debtor is $426.00 delinquent in plan payments to the Trustee to date and the next scheduled payment of $426.00 is due July 25, 2014. The case was filed on May 12, 2014, and the plan in §1.01 calls for payments to be received by the Trustee not later than the 25th day of each month beginning the month after the order for relief under Chapter 13. The Debtor has paid $0 into the plan to date.

5. **ATTORNEY FEES:** Debtors plan (court document #10) indicates in section 2.06 that Counsel will comply with LBR 2016-1(c) regarding the payment of attorney fees. Debtor has failed to file Rights and Responsibilities of Chapter 13 Debtors and their Attorneys to date. Debtors plan indicates that a total of $4,000.00 has been charged in this case, and $1,000.00 was paid prior to filing. The Disclosure of Compensation of Attorney for Debtor (court document #1, page 5) indicates that $1,000.00 has been paid and $0 is due.

6. **FEASBILITY:** Debtors plan calls for payments of $426.00 for sixty months. Class 1 of Debtors plan proposes to pay the ongoing mortgage payment of $2,000.00 per month,

and mortgage arrears of $20,000.00 at $333.33 per month. The plan will not pay the creditors as proposed. The Class 1 dividends plus Trustee compensation total $2,430.00 per month.

7. **PLAN DEFECTS:** Section 2.15 of the plan fails to indicate the percentage to be paid to unsecured creditors and the total of unsecured debts. Section 6 of the plan fails to indicate if additional provisions are appended to the plan.

8. **SECURED DEBT NOT PROVIDED FOR:** Debtors plan fails to provide for the secured debt of American Honda Finance Corporation. This debt is not disclosed in the plan or schedules. Creditor filed a secured claim for $2,882.15 secured by a 2014 Honda CRF250R (see court claim #1). The claim discloses that the debt is for a motorcycle, a 2014 Honda Crf250r, (Page 4), and the contract was entered into on March 7, 2014, (Page 5.) While treatment of all secured claims may not be required under 11 U.S.C. §1325(a)(5), failure to provide the treatment may indicate that Debtor either cannot afford the plan payments because of additional debts, or that the Debtor wishes to conceal the proposed treatment of a creditor.

9. **FAILS LIQUIDATION:** Debtors plan fails the Chapter 7 Liquidation Analysis under 11 U.S.C. §1325(a)(4). Debtors non-exempt assets total $300.00 and the plan is silent as to the percentage to be paid to unsecured creditors. According to Debtors Schedules B and C (court document #11, pages 4-7), non-exempt equity exists in a checking account of $200.00, and a 2007 Honda Civic of $100.00.

/////

/////

/////

/////

/////

3

10. **DOCUMENTS INCOMPLETE:** Debtors Schedule I (court document #11, page 13) indicates that Debtor is employed, however the document fails to list Debtors occupation, and employer name and address, as well as the length of employment. The Statement of Financial Affairs (court document #11, page 20) lists at item #1 "estimated" income for year to date, 2013 and 2012. The form calls for the gross annual amounts, not estimated amounts.

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan, and an order dismissing the case if a new plan is not filed within a reasonable time.

Dated:    JULY 3, 2014

NEIL ENMARK, Attorney for Trustee